# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOURAINE MARAE MOSS,<br><br>                              Petitioner,<br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | CASE NO. 01cr0178 JM<br>CIVIL NO. 06cv1525 JM<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |

On July 28, 2006, Petitioner Touraine Marae Moss filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255 ("Petition"). Petitioner challenges the two year term of supervised release imposed after his first revocation of supervised release on March 24, 2006. Petitioner alleges that he is unable to comply with the mandatory, standard, and special conditions of supervised release . Petitioner generally alleges that random urinalysis testings restrict his ability to be employed as a long distance truck driver and therefore argues that the terms of supervised release are overly burdensome. The Government argues that the Petition is now moot because Petitioner has completed the sentence imposed in connection with the first revocation. Petitioner has not responded to the Government's arguments.

Briefly, following a guilty plea to one count of importation of marijuana in violation of 21 U.S.C. §§952 and 960, defendant was sentenced on August 24, 2001, to a term of 51 months in custody, plus three years of supervised release. On March 24, 2006, Petitioner admitted allegations 2, 4, and 6 (use of cocaine, eleven failures to

1 appear for drug testing, and three failures to report for drug counseling) of the First
2 Petition to Revoke of Supervised Release.  The court imposed a custodial term of six
3 months to be followed by an additional two years of supervised release.  (Gov't Exh.
4 A). The Petition challenges the imposition of this two year period of supervised release.

5       On November 3, 2006, in a Second Petition to Revoke Supervised Release,
6 Petitioner admitted to using cocaine, methamphetamine, and flight from an inpatient
7 drug treatment program.  Petitioner was sentenced to a term of custody of eight months,
8 with no supervised release to follow.  (Gov't Exh. B).

9       The Government argues that the sentence imposed in relation to the First Petition
10 to Revoke Supervised Release is no longer in effect and therefore the Petition is now
11 moot.  In <u>United States v. Gomez-Gonzalez</u>, 295 F.3d 990. 990 (9th Cir. 2002), the
12 Ninth Circuit dismissed an appeal from the revocation of supervised release where, after
13 oral argument, the appellant finished serving his straight six-month sentence.  <u>See</u> <u>also</u>
14 <u>Spencer v. Kemma</u>, 523 U.S. 1, 18 (1998) (an appear from the revocation of parole
15 becomes moot once the appellant finishes serving the sentence imposed in connection
16 with the revocation).

17       Here, the sentence imposed in relation to the First Petition is no longer in effect.
18 After the second revocation on November 3, 2006, the court imposed a new sentence
19 of eight months' straight custody without a term of supervised release to follow.
20 Consequently, the present Petition challenging the First Petition to Revoke is no longer
21 in effect and the claims presented therein are moot.[1]

22       **IT IS SO ORDERED.**
23 DATED: November 5, 2007

24 _____
25 Hon. Jeffrey T. Miller
United States District Judge

cc:       All parties

---

[1] Even if the court were to reach the merits of Petitioner's claims, the court notes that Petitioner fails to identify any cognizable basis for granting relief.